IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| TOMMY LEE SHERIFF,<br>    Plaintiff<br><br>v.<br><br>CITY OF JACKSON, MISSISSIPPI; JACKSON POLICE DEPARTMENT; CHIEF OF POLICE JAMES E. DAVIS; OFFICER MIRON B. SMITH; INVESTIGATOR STEPHANIE HORN; OFFICER MYKILA WALKER; DETECTIVE TERRANCE JACKSON; OFFICER ROBERT TAYLOR; OFFICERS JOHN DOES 1-3; HINDS COUNTY, MISSISSIPPI; THE HINDS COUNTY BOARD OF SUPERVISORS; HINDS COUNTY SHERIFF'S OFFICE; SHERIFF VICTOR P. MASON; SHERIFF LEE D. VANCE; SHERIFF TYREE JONES; MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY; COMMISSIONER MARSHALL FISHER; COMMISSIONER SEAN TINDELL; MISSISSIPPI FORENSIC LABORATORY<br>    Defendants | Civil No. 3:22-cv-118-HTW-LGI |

**COMES NOW,** TOMMY LEE SHERIFF, by his attorneys, and files this, Complaint and Jury Demand and alleges the following:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights established by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and secured by 42 USC §§1983, 1988.

1

2. The claims arise from an investigation that began on June 25, 2019, in which Officers of the Jackson Police Department, acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest and false imprisonment.

3. Plaintiff also has claims arising from his detention in the custody of Hinds County, in which he was repeatedly and systematically denied access to the courts, and was subjected to cruel and unusual punishment.

4. Plaintiff also has claims against the Mississippi Department of Public Safety in its supervisory role over the Mississippi Forensics Laboratory, which systematically refused to return results of DNA testing that would have exonerated plaintiff.

5. Plaintiff also has state law claims under the Mississippi Tort Claims Act against all named defendants for acting with reckless disregard for his constitutional rights

6. Plaintiff seeks monetary damages, both compensatory and punitive, against defendants, as well as an award of costs and attorneys' fees and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

7. This action is brought pursuant 42 U.S.C. §1983, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. This Court has supplementary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. The amount in controversy exceeds $75,000.00 excluding interest and costs.

8. Venue is proper in Southern District of Mississippi pursuant to 28 U.S.C. §1391(b) because the events giving rise to plaintiff's claims occurred in Hinds County, Mississippi, where this Honorable Court sits and pursuant to 18 U.S.C. §1965.

## PARTIES

9. Plaintiff: Tommy Lee Sheriff is a legal resident of the United States and at all relevant times resided in Hinds County, Mississippi.

10. Defendant: City of Jackson (or "the City") is a municipality chartered under the laws of the State of Mississippi. At all relevant times hereto, Defendant City, acting through the Jackson Police Department (or "JPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all JPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all JPD personnel. In addition, Defendant City was responsible for enforcing the rules of JPD, and for ensuring that the JPD personnel obey the laws of the United States and the State of Mississippi.

11. Defendants: Chief James E. Davis, Officer Miron B. Smith, Investigator S. Horn, Officer Mykila Walker, Police Officer Stephanie Hunt, Detective Terrance Jackson and Police Officer R. Taylor were, at all relevant times, law enforcement officers employed by JPD. As such, they were acting in the capacity of an agent, servant and employee of the City of Jackson. All were involved in the false arrest and imprisonment of the plaintiff. All are sued in their individual capacity. Defendant Officers John Doe 1-3 are police officers whose names are not known to plaintiff but plaintiff has information and belief that they were involved in the investigation and/or false arrest that gives rise to this complaint. They too are sued in their individual capacity and plaintiff will amend this complaint with their names when he has such information.

12. Defendant James E. Davis, was the Chief of Police of the Jackson Police Department when plaintiff was arrested and/or detained and was tasked with overseeing and supervising the officers violated plaintiff's constitutional rights. He is sued in his individual capacity.

13. Defendants Hinds County, Mississippi (or "Hinds County") and the Hinds County Board of Supervisors (or HCBS) are state political subsidiary established by the laws of the State of Mississippi. At all relevant times, Hinds County acting through the HCBS and Hinds County Sheriff's

3

Office (or "HCSO") were responsible for the incarceration of and safekeeping of persons being detained prior to trial in the courts located within its jurisdictional limits. The facilities housing these detainees, including the Plaintiff, are the Raymond Detention Center (or "RDC"), the Work Center (or "WC"), and the Jackson Detention Center (or "JDC") (collectively referred to as the "Jail"). HCSO was responsible for appointment, training, supervision, discipline, retention and conduct of HCSO personnel and all personnel at the Jail. In addition, at all relevant times, Defendant Hinds County was responsible for enforcing the rules of the HCSO and for ensuring that HCSO and Jail personnel obey the laws of the United States and State of Mississippi.

14. Defendants Victor P. Mason, Lee D. Vance and Tyree Jones were, at relevant times, the Sheriff of Hinds County during plaintiff's unlawful detention. While holding the Office of Sheriff of Hinds County they were responsible for actions of HCSO and its personnel. They are sued in their individual capacity.

15. Defendant, Mississippi Department of Public Safety (or "DPS") was responsible for the policy, practice, supervision, implementation, and conduct of all Mississippi Forensic Laboratory (or "Crime Lab") matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all Crime Lab personnel. In addition, Defendant DPS was responsible for enforcing the rules of Crime Lab, and for ensuring that the Crime Lab personnel obey the laws of the United States and the State of Mississippi.

16. Defendants Marshall Fisher and Sean Tindell were, at relevant times, the Commissioner of the Mississippi Department of Public Safety and were responsible for the actions of the Crime Lab and its personnel. They are sued in their individual capacity.

17. All defendants were acting within the scope of their employment at the times of the incidents giving rise to this complaint. All defendants have acted under color of law in the State of

Mississippi at all relevant times to this complaint. Their deprivations of the plaintiff's constitutional rights are set forth in the following statement of facts and causes of action.

## STATEMENT OF FACTS

**Unlawful Arrest and Detention**

18. This lawsuit arises out of the false arrest, unlawful detention, malicious prosecution, denial of due process and access to the courts and jail conditions that constituted cruel and unusual punishment that the plaintiff suffered for approximately twenty (20) months of pretrial detainment the custody of Hinds County, Mississippi. At minimum, plaintiff was incarcerated from July 8, 2019 until March 3, 2021, in a case involving circumstances that would make any reasonable person question whether or not any crime had been committed and where the victim's description of the suspect varied wildly from the plaintiff's appearance.

**June 25, 2019 Reported Home Invasion / Assault**

19. Upon information and belief that according to JPD records, on June 25, 2019, Officers responded to reports of a possible house burglary, home invasion, assault and attempted rape on Shady Oaks Street. Ms. Virgie Mae Hunt, an eighty-three-year-old (83yr old - DOB 5/17/1936) female alleged that she encountered a black male about 6'0 to 6'2 with medium build, that the man grabbed her by the back of the neck as she entered her home, forcefully pushed her onto her kitchen floor, tore her pants in the front and pulled her shirt off. Ms. Hunt stated that the man pulled her across the kitchen floor into the hallway and hit her in the face with a closed fist three (3) times. Ms. Hunt stated that she fought the man off and hit him with a vase.

20. Upon information and belief that JPD records show: (1) Ms. Hunt had no visible bruises or injuries whatsoever. (2) Ms. Hunt refused medical attention. (3) There was no sign of a struggle inside the house. (4) Nothing was taken from the house.

21. Upon information and belief that no person could, after viewing the alleged victim and the crime scene, believe there existed probable cause that the crimes alleged by Ms. Hunt had actually occurred.

**Investigation and False Arrest**

22. Despite the fact that no prudent person could conclude that the crime alleged had been comitted, JPD conducted an investigation to determine who had assaulted Ms. Hunt.

23. DNA evidence was recovered from Ms. Hunt's house and sent to the Crime Lab. The results of this DNA testing were never revealed to Mr. Sheriff during his six hundred and four (604) days of pretrial detainment. Mr. Sheriff has never seen the DNA test results.

24. On July 2, 2019, Detective Terrance Jackson (JPD) investigated a different home invasion that had occurred on Queensroad. During that investigation, a Queensroad resident explained that she saw the Plaintiff, Tommy Lee Sheriff, on that street on July 2, 2019, but didn't know the exact time. This witness merely reported seeing Mr. Sheriff on the Queensroad on July 2, 2019.

25. Detective Terrance Jackson (JPD) stated at the preliminary hearing that he knew he did not have probable cause to charge Mr. Sheriff with the Queensroad incident and so he put Plaintiff's picture into a photo array and brought it back to the 83-year-old Ms. Hunt, who identified him as her assailant by circling his picture out of the six (6) choices presented to her.

26. Mr. Sheriff was arrested on July 8, 2019 and charged with the alleged home invasion and attempted rape. On March 8, 2021, the State admitted that the alleged victim had dementia and moved to remand the charges. The charges were remanded and Mr. Sheriff was finally released, having been denied his freedom for approximately twenty (20) months.

**The Actions of JPD were Not Mere Negligence**

27. JPD Officers lacked probable cause to believe that a crime had been committed, let alone committed by Mr. Sheriff.  Probable cause exists only when the facts and circumstances justify a man of average caution in the belief that a crime has been committed.  Any person of average caution would have reason to doubt the allegations made by Ms. Hunt.  Ms. Hunt said that she was punched three (3) times in the face with a closed fist by a man that was more than six-feet (6ft) tall with medium build after being violently dragged through her house.  She did not have one visible injury.  She claimed to have fought the man off, even breaking a vase over his head.  There were no signs of a struggle in the house.

28. All the JPD Officers involved in this investigation knew that the alleged assault of Ms. Hunt very likely never took place.  They also knew that Mr. Sheriff was a full half foot shorter and of thinner build than Ms. Hunt's description of the alleged assailant.  Still, JPD officers presented a photo array in front of the elderly Ms. Hunt and included Plaintiff's photo in that array based on the fact that Mr. Sheriff had been seen by a different witness, on a different street, on a different day, at an uncertain time.  Ms. Hunt selected Mr. Sheriff's photo out of the six choices presented to her in the array.  The array did not show Mr. Sheriff's height or build.

29. These efforts rise to more than just mistakes.  JPD Officers either maliciously and intentionally conducted their investigation to ensure that Tommy Lee Sheriff was arrested for the alleged crime or they acted in reckless disregard.

30. Upon information and belief that these actions are the result of poor training, supervision, policies and procedures of JPD.  JPD failed to sufficiently convey to its officers the risk of false identifications.  Furthermore, JPD failed to train its officers to submit all pertinent facts when seeking an arrest warrant.

31. JPD Officers sought and received an arrest warrant for Tommy Lee Sheriff by producing the photo array identification done by Ms. Hunt.  However, this was intentionally presented

without any context.  None of the Officers involved in the investigation of this case raised the obvious problem that it did not appear at the scene that any crime had taken place, nor did they inform the municipal court that Mr. Sheriff was much smaller than the description given by the alleged victim.

32. The "Underlying Facts and Circumstances" submitted to Jackson Municipal Court by Detective Terrance Jackson, recounts Ms. Hunt's allegations and the photo array identification.  Det. Jackson fails to mention that the allegation was made by an elderly woman, that there was no corroborating evidence whatsoever at the scene and that there were numerous observations indicating that no crime had taken place.  There is also no mention of the fact that the only reason Mr. Sheriff was placed in the photo array was because a neighbor saw him at an unspecified time, on a different day, walking down a different street.

33. These omissions were intentional and were designed to ensure that an arrest warrant would issue even though there was no probable cause that a crime had been committed.  It ensured that Mr. Sheriff would be arrested for a crime that more than likely never occurred.

**JPD Training, Supervision, Policies and Procedures**

34. Upon information and belief that JPD's training, supervision, policy and procedures associated with its officers' use of identification using photo arrays directly led to the misidentification of Mr. Sheriff and his subsequent pretrial detainment.

35. Upon information and belief that it is the practice of JPD to use photo array identification without sufficient probable cause to place the suspect in jeopardy of being misidentified. There are only six photos in the photo array identifications conducted by JPD, which makes misidentifications very likely.  The failure to train and provide policies and procedures that would dissuade an officer from presenting a photo array to an elderly woman, who was clearly confused, proximately harmed the plaintiff.

**Pretrial Detainment and Denial of Access to Courts**

36. Mr. Sheriff maintained his innocence at all times and petitioned the Hinds County Circuit Court for release.

37. JPD's policies and procedures regarding the production of discovery ensured that the evidence that would lead to Mr. Sheriff's release were not turned over in a timely fashion. By withholding police reports, investigative reports, lab reports, photographic evidence from Plaintiff's defense counsel, the DA's Office or both, JPD deprived Mr. Sheriff of meaningful access to the courts.

38. The Crime Lab did not return the results of DNA testing sent in from the crime scene. Plaintiff has never seen those results even after filing motion(s) to compel their discovery. It is the only alleged physical evidence against the plaintiff and depriving him of those results denied plaintiff meaningful access to the courts.

39. Upon information and belief that the Mississippi Department of Safety fail to properly train, monitor or supervise or, in the alternative, maintained policies, procedures and/or practices that caused the Crime Lab to only return results when they would assist authorities in obtaining convictions. The Crime Lab purposefully withholds test results that are potentially exculpatory.

**Pretrial Detainment and Cruel and Unusual Punishment**

40. Upon information and belief that the conditions of the Jail during Mr. Sheriff's unlawful detainment constituted extreme deprivation that denied Mr. Sheriff the minimal civilized measure of life's necessities.

41. That Defendants during the time of Mr. Sheriff's detainment, were well aware of the illegal conditions of the Jail. They were also aware that it had been ordered by this Honorable Court to improve those conditions, but failed to do so, opting instead to be in deliberate and ongoing contempt of this Court.

42. The failure of Hinds County, HCBS and HCSO to implement policies and procedures in compliance with this Court's orders left the Plaintiff in constant fear for his own safety and caused

him to suffer innumerable instances of abuse by other inmates. The lack of policies and procedures ordered by this Court coupled with the general neglectful operation of the Jail resulted in a situation in which Plaintiff had a reasonable fear for his safety during the entirety of his confinement, even if he was not being abused by other inmates in that moment. The result is that the Plaintiff suffered irreparable emotional and psychological damage.

**Mr. Sheriff Suffered and Continues to Suffer from his Unlawful Arrest and Detention**

43. Mr. Sheriff was arrested and falsely accused of a heinous sexual assault against an elderly woman and because of this he suffered multiple incidents of threats, abuses and physical trauma inflicted by other inmates. He was denied his liberty for nearly twenty (20) months. Mr. Sheriff has suffered great pain and discomfort both physical, emotional and psychological damage from being falsely accused and deprived of his freedom for such a long duration. This has prevented him from being gainfully employed, leading to lost income. The severe emotional and psychological damage have caused him to suffer loss of enjoyment of life.

## DAMAGES

44. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries:

   a. Violation of his right pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of their person.

   b. Violation of his right to Due Process of Law under the Fifth and Fourteenth Amendments to the United States Constitution.

   c. Violation of his right to be free of cruel and unusual punishment under the Eighth Amendment to the Constitution.

   d. Violation of Mississippi Constitutional right under Article 3 Section 23.

  e. Violation of Mississippi Constitutional right under Article 3 Section 14.

  f. Physical pain and suffering.

  g. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and loss of enjoyment of life.

  h. Loss of income.

  i. Loss of future wages.

  j. Loss of liberty.

## First Cause of Action
(42 USC §1983)

45. The preceding paragraphs are incorporated herein by reference.

46. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983.

47. Defendants' conduct deprived plaintiff of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

48. Defendants falsely arrested plaintiff, deprived him of his freedom for nearly twenty (20) months, incarcerated him in a Jail that they knew to be constitutionally inadequate, exposing the Plaintiff to extreme deprivations that denied him the minimal civilized measure of life's necessities. All of the named defendants failed to intervene in each other's obviously illegal actions.

49. Plaintiff has been damaged as a result of the defendants' wrongful acts.

## Second Cause of Action
(Municipal and State Agency Supervisory Liability)

50. The above paragraphs are incorporated here by reference.

51. The City, DPS, Hinds County, HCSO, and HCBS are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

52. The City has been alerted to the regularity of false arrests by JPD officers, but has nevertheless exhibited deliberate indifference to such false arrests.  A combination of the City's policies and practices, gross negligence, reckless disregard and deliberate indifference caused the violations of plaintiff's constitutional rights.

53. DPS is aware of the problems presented by delays and non-disclosures of test results at the Crime Lab and nevertheless exhibited deliberate indifference to those problems; that a combination of policies and practices, gross negligence, reckless disregard and deliberate indifference caused the violations of plaintiff's constitutional rights.

54. Hinds County, HCBS and the Hinds County Sheriff(s) had been alerted to the unconstitutional and illegal conditions of the Jail and nevertheless exhibited indifference to those conditions, going so far as to be in direct contempt of this Honorable Court's Orders; that a combination of policies and practices, gross negligence, reckless disregard and deliberate indifference caused the violation of plaintiff's constitutional rights.

### **Third Cause of Action**
(Conspiracy)

55. The preceding paragraphs are incorporated here by reference.

56. Defendants agreed to violate Plaintiffs' rights in the manner described above. Plaintiff's false arrest was not orchestrated by merely one individual.  Defendants agreed and behaved

in a manner designed to ensure that plaintiff remained in pretrial detainment and ensured that he would not have meaningful access to the courts.

57. Defendants took actions in furtherance of this agreement by arresting plaintiff and attempting to bring charges against him and took actions in furtherance of the efforts to deny him due process.

### Fourth Cause of Action
(Constitutional Tort)

58. The above paragraphs are incorporated here by reference.

59. Defendant City, JPD, JPD Officers, Hinds County and HCBS owed a duty of care to plaintiff to prevent the loss of liberty and mental abuse sustained by Plaintiff.

60. Defendant City, through JPD, owed a duty of care to Plaintiff because under the same circumstances a reasonable, prudent and careful person should have anticipated an injury to plaintiff or those in a position similar to Plaintiff's as a result of this conduct.

61. Upon information and belief, defendant JPD officers and jail personnel were incompetent and unfit for their positions.

62. Upon information and belief, defendants knew or should have known through exercise of reasonable diligence that the officers were potentially dangerous and had previously falsely arrested civilians without probable cause and that the conditions of the Jail violated the constitutional rights the persons housed there.

63. Defendant City's negligence in hiring, retaining and supervising the officers and Jail personnel proximately caused plaintiff's injuries.

### Fifth Cause of Action
(Mississippi Tort Claims Act)

64. The above paragraphs are incorporated here by reference.

65. The actions of all named defendants constituted reckless disregard for the safety and well-being of the Plaintiff.

66. Mississippi jurisprudence provides that reckless disregard encompasses both gross negligence and willful or wanton conduct.

67. The actions of the defendants, described in detail above, directly resulted in the damage(s) suffered by the Plaintiff.

68. That the defendants are liable to the Plaintiff pursuant to the Mississippi Tort Claims Act.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Tommy Lee Sheriff, demands judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff, awarding Plaintiff compensatory damages in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding Plaintiff punitive damage in an amount to be determined by a jury;

C. An award of the costs of this action against all defendants including reasonable attorneys' fees, in accordance with 42 U.S.C. §1988 and/or 18 U.S.C. §1964(c);

D. An order requiring Defendant Hinds County Mississippi to pay any judgment for compensatory damages entered against Defendants Chief James E. Davis, Victor P. Mason, Lee D. Vance, Hinds County Sheriff's Office, Tyree Jones, James E. Davis, Jackson Police Department, Miron B. Smith, Investigator Stephanie Horn, Officer Mykila Walker, Investigator Stephanie Hunt, Detective Terrance Jackson, Officer R. Taylor and John Does 1-3, pursuant to Miss. Code Ann. §11-46-7;

E. An order requiring that The State of Mississippi pay any judgment for compensatory damages entered against Defendants Mississippi Department of Public Safety,

    Mississippi Forensic Laboratory, Marshall Fisher and Sean Tindell, pursuant to Miss. Code Ann. §11-46-7.

F. Any other relief that the Court deems appropriate.

**<u>PLAINTIFF DEMANDS A TRIAL BY JURY</u>**

**RESPECTFULLY SUBMITTED**, March 3, 2022,

    /s/ *William C. Coon*
    Attorney for Tommy Lee Sheriff
    Thompson and Addison, PLLC
    2060 Main Street
    Madison, MS 39110
    Phone: 601.850.8000
    Fax: 601.499.5219

**CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**SO CERTIFIED**, Wednesday, March 3, 2022,

/s/ *William C. Coon*
Attorney for Tommy Lee Sheriff
Thompson and Addison, PLLC
2060 Main Street
Madison, MS 39110
Phone: 601.850.8000
Fax: 601.499.5219